IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KYRON WATKINS                                                    PETITIONER
ADC #122441

V.                                  5:11cv00217 JMM-JTR

RAY HOBBS, Director,                                            RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by KyRon Watkins, an Arkansas Department of Correction (ADC) inmate. (Docket entry #2.) Respondent has filed a Response, to which Petitioner has filed a Reply. (Docket entries #6, #11.) Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's claims, the Court will review the relevant procedural history of the case.

In September 2007, Petitioner was convicted in Hot Spring County, Arkansas, of second-degree battery, kidnapping, and possession of firearms by certain persons. He was sentenced to an aggregate term of 420 months of imprisonment in the ADC. (Docket entry #6-2.)  In a direct appeal, the Arkansas Court of Appeals affirmed Petitioner's convictions.  *Watkins v. State*, 2009 Ark. App. 124, 302 S.W.3d 635 (Docket entry #9-4, at 115-25).  On March 17, 2009, the Court of Appeals issued its mandate.  (Docket entry #9-4, at 21.)

On April 23, 2009, Petitioner filed in the trial court a timely petition for post-conviction relief pursuant to Ark. R. Crim. P. 37 alleging ineffective assistance of trial counsel and other claims.  (*Id.* at 37-48.)  *See* Ark. R. Crim. P. 37.2(c) (2009) (petition must be filed within sixty days of issuance of appellate court mandate affirming a criminal conviction).  After holding an evidentiary hearing, the trial court denied relief on Petitioner's ineffective-assistance claim, but did not address his other claims.  *State v. Watkins*, No. CR 2007-102-1 (Hot Spring Co. Cir. Ct. June 19, 2009) (Docket entry #9-4, at 65-67).

Petitioner timely appealed the trial court's denial of Rule 37 relief to the Arkansas Supreme Court.  (Docket entry #9-4, at 70.)

-3-

Almost three months later, he filed a "Motion for Reconsideration" in the trial court, asking it to amend the order denying Rule 37 relief to include rulings on *all issues* raised in his original petition.[1]  *See Beshears v. State*, 8 S.W.3d 32, 34 (Ark. 2000) (petitioner has obligation to obtain ruling on all issues to preserve them for appellate review; where trial court does not specifically rule on an issue in denying Rule 37 relief, petitioner should request the trial court modify its order to include a ruling on the omitted issues).

On October 15, 2009, Petitioner asked the Arkansas Supreme Court to remand or stay his appeal so that he could obtain a ruling from the trial court on each of his claims, and thereby preserve them for appellate review.  (Docket entry #11, at 95-96.)

On April 1, 2010, the Arkansas Supreme Court denied Petitioner's request to remand and dismissed his Rule 37 appeal.  *Watkins v. State*, 2010 Ark. 156, 2010 WL 1253096 (Docket entry #2, at 44-54) (*Watkins II*).   The Court treated Petitioner's request to remand or stay as a petition to reinvest jurisdiction in the trial court so that he could obtain rulings on the omitted issues.  The Court held that, once a petitioner chooses to appeal the trial court's denial of Rule 37 relief and lodges the record in the

---

[1]This motion, which appears to have been filed on or about October 2, 2009, has not been submitted here but is referenced in later state-court pleadings and in the Arkansas Supreme Court's April 1, 2010 opinion in the Rule 37 appeal.  *See* Docket entry #2, at 55; *Watkins II*, *infra* at *4.  It is unclear whether the trial court ever ruled on the motion.

appellate court, the trial court loses jurisdiction to enter any further rulings in the Rule 37 proceeding.   Because Petitioner filed his October 2, 2009 Motion for Reconsideration in the trial court, *after* he perfected his Rule 37 appeal to the Arkansas Supreme Court, the trial court was without jurisdiction to amend its Rule 37 order.   The Court further held that Petitioner had a remedy available to him in the form of a *timely* motion for ruling on the omitted issues and that remedy satisfied the fundamental fairness concerns of due process. *Id.* at \*4-\*7.  Finally, on the merits, the Court affirmed the trial court's denial of Petitioner's ineffective-assistance claim. *Id.* at \*7-\*11.

On May 11, 2010, Petitioner returned to the trial court and, in another effort to obtain a ruling on the issues omitted from the original order denying Rule 37 relief, filed a "Motion to Amend Order of Original Petition [under] Rule 37.1."  (Docket entry #2, at 55-58.)  On July 27, 2010, the trial court denied the motion finding, among other things, that it no longer had jurisdiction.  (*Id.* at 60-61.)

On August 18, 2010, Petitioner appealed that order to the Arkansas Supreme Court.  (*Id.* at 59.)  However, on December 14, 2010, he filed a "Motion to Dismiss Appeal and Reinvest Jurisdiction [in the Trial Court]."[2]  (*Id.* at 62-64.)  On February

---

[2]Both Petitioner and Respondent agree that the motion was filed on December 14, 2010.  (Docket entries #6 at 4, #11 at 6-7.)

3, 2011, the Arkansas Supreme Court summarily granted Petitioner's request to dismiss his appeal and denied his request to reinvest jurisdiction in the trial court. (*Id.* at 66-67.)

On August 24, 2011, Petitioner initiated this § 2254 federal habeas action. In his Petition, he argues that: (1) it was improper for the trial judge, rather than the jury, to sentence him on a firearm enhancement, and his trial counsel was ineffective for failing to object; (2) he was sentenced by an all-white jury in violation of his rights under the Fifth and Fourteenth Amendments, and his trial counsel was ineffective for failing to object; (3) the prosecutor engaged in prosecutorial misconduct by making derogatory remarks during the trial, and his trial counsel was ineffective for failing to object; (4) his right against double jeopardy was violated when firearm and habitual-offender enhancements were applied to his sentence; (5) the evidence was insufficient to convict him of possessing a firearm, and his trial counsel was ineffective for failing to request fingerprint or ballistics testing, or to object at trial; (6) he was denied a suppression hearing and a preliminary hearing, and his trial counsel was ineffective for failing to move for those hearings; (7) he was denied a fair and impartial trial when he was jointly tried with his co-defendants, and his trial counsel was ineffective for failing to move for a severance; and (8) evidence was seized from his home in an unconstitutional search, and his trial counsel was ineffective for failing to challenge

the seizure. (Docket entry #2.)

In his Response, Respondent contends that: (1) all of Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas petitions; (2) except for Claim 1, all of his claims are procedurally defaulted because he failed to properly present them to the state courts; and (3) Claim 1 was reasonably adjudicated by the Arkansas Supreme Court.  (Docket entry #6.)

For the reasons explained below, the Court concludes that all of Petitioner's habeas claims are time-barred.  Accordingly, the Court need not address Respondent's other arguments for dismissal.

## II.  Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for federal habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).[3]  "Direct review"

---

[3]Under other provisions of § 2244(d)(1), the limitations period may commence later than the date on which the state judgment becomes final. 28 U.S.C. § 2244(d)(1)(B-D).  Specifically, the running of the limitations period may be delayed: by an "impediment to filing [a federal habeas] application created by State action in violation of the Constitution or laws of the United States, ... if the applicant was prevented from filing by such State action, " *id.* § 2244(d)(1)(B); by a United States Supreme Court decision announcing a newly recognized constitutional right made retroactively applicable to cases on collateral review, *id.* § 2244(d)(1)(C); or by the existence of factual predicates which

encompasses review of the conviction by the United States Supreme Court, which is limited to judgments of a "state court of last resort" or of a lower state court if the "state court of last resort" has denied discretionary review. *Parmley v. Norris*, 586 F.3d 1066, 1069-70 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3522 (2010). The Arkansas Court of Appeals is an intermediate court, rather than a "state court of last resort." *Id.* at 1070-73. Therefore, when the Arkansas Court of Appeals decides a direct criminal appeal and the defendant does not seek rehearing or review from the Arkansas Supreme Court, the judgment becomes final, for purposes of § 2244(d)(1)(A), upon issuance of the mandate by the Arkansas Court of Appeals. *See id.*; *Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008) (Missouri appellate procedures); *Johnson v. State*, 900 S.W.2d 940, 951 (Ark. 1995) ("once the mandate has been handed down, the disposition of the case becomes final").

Because Petitioner did not seek the Arkansas Supreme Court's discretionary review of the Arkansas Court of Appeals' decision affirming his convictions, direct review of the judgment in his case concluded when the Arkansas Court of Appeals issued its mandate on March 17, 2009. Filing deadlines in federal habeas cases fall on the anniversary date of the triggering event. *Wright v. Norris*, 299 F.3d 926, 927

---

"could [not] have been discovered through the exercise of due diligence," *id.* § 2244(d)(1)(D). Petitioner does not invoke any of these statutory provisions, nor do they appear applicable.

n.2 (8th Cir. 2002).  Thus, Petitioner was required to initiate this action on or before March 17, 2010.

Accepting Petitioner's declaration that he placed his habeas Petition in the prison mailing system on August 24, 2011 (docket entry #2, at 14), the Petition is deemed "filed" on that date,[4] 890 days after his convictions became final and 525 days *after* the filing deadline.

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  This statutory tolling period begins when a petition for post-conviction relief is properly filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal.  *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

On April 23, 2009, Petitioner filed a timely Rule 37 petition in state court.  On April 1, 2010, the Arkansas Supreme Court affirmed the denial of Rule 37 relief. Thus, Petitioner is entitled to 343 days of statutory tolling between those dates.[5]

---

[4]*See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing; timely filing may be shown "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid"); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (pro se prisoner's habeas petition is deemed "filed" on date he delivered it to prison authorities for mailing to the Court).

[5]The limitations period is not tolled in the interval between the conclusion of direct review and the filing of a state post-conviction petition.  *McMullan v. Roper*, 599 F.3d

The Court will assume, as did Respondent, that Petitioner's second request to reinvest jurisdiction, filed on December 14, 2010 and denied on February 3, 2011, qualifies as a properly filed petition for "other collateral relief" under § 2244(d)(2), entitling him to additional tolling during its pendency, a period of 51 days.  However, even with the benefit of these 394 days of statutory tolling, Petitioner initiated this action 131 days[6] beyond the one-year filing deadline.

Petitioner argues that he is entitled to additional tolling during the pendency of his Motion to Amend filed on May 11, 2010.  However, in denying the Motion to Amend, the trial court made it clear that it was without jurisdiction to consider that motion based on the Arkansas Supreme Court's April 1, 2010 decision denying Petitioner's earlier Motion to Remand due to the trial court's lack of jurisdiction. (Docket entry #2, at 60-61.)

If a state court finds that a post-conviction petition fails to comply with the applicable filing requirements, "that is the end of the matter" for purposes of determining whether it was "properly filed" under § 2244(d)(2). *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 414 (2005)); *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006).  The state court

---

849, 852 (8th Cir.), *cert. denied*, 131 S. Ct. 602 (2010).

[6]525 days from the filing deadline (March 17, 2010) to the § 2254 filing (August 24, 2011), less 394 days of statutory tolling.

found that it was without jurisdiction to consider Petitioner's May 11, 2010 Motion to Amend.  Because that post-conviction motion failed to comply with the applicable filing requirements, it did not trigger any statutory tolling.

The United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Thus, it may be subject to equitable tolling in appropriate cases.  *Id.*  A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been "pursuing his rights diligently"; but (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 2562.

Petitioner asserts that he has been pursuing his state remedies in good faith, repeatedly trying to obtain rulings on all of his state post-conviction claims.  However, apart from the delays in litigating his state post-conviction proceedings, Petitioner also waited more than six months after the Arkansas Supreme Court's last ruling before initiating his federal habeas action.  This does not demonstrate diligence.  *See Pace*, 544 U.S. at 419 (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five more months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson*, 618 F.3d at 893 (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his

post-conviction proceeding); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no equitable tolling where petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Furthermore, Petitioner has not alleged, much less demonstrated, that some extraordinary circumstance prevented him from timely filing this federal habeas action. *See Nelson*, 618 F.3d at 893. Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). A petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, have been held not to justify equitable tolling. *See, e.g., Earl*, 556 F.3d at 724-25 (no equitable tolling due to delayed receipt of case file, pro se status, lack of access to legal materials and limited time in library); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (no equitable tolling due to petitioner's misunderstanding of state post-conviction procedures, pro se status, lack of legal knowledge or legal resources).

Thus, the Court concludes that Petitioner has failed to establish a basis for equitable tolling in this case. Accordingly, the habeas Petition should be dismissed

as untimely.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (docket entry #2) be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when habeas petition is denied on procedural grounds, petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

DATED this 9th day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE