IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KYRON WATKINS
ADC #122441                                                                                          PLAINTIFF

5:11CV00217 JMM

V.

RAY HOBBS, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION                                                                                           DEFENDANT

## ORDER

Pending is the Plaintiff's Motion for Reconsideration of Judgment entered on January 31, 2012. Plaintiff argues that he is entitled to equitable tolling for the days that his Motion to Amend the Order of his original Rule 37 Petition in state court was pending because he was diligently pursuing his rights during this time. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). The Court has conducted a *de novo* review of the case including the Plaintiff's Motion to Amend the Order of his original Rule 37 Petition in state court (the "Motion to Amend") and the transcript of the hearing on the Motion to Amend.[1]

After review of the record and the relevant law again, the Proposed Findings and Recommended Disposition of United States Magistrate Judge J. Thomas Ray are approved and adopted in their entirety. Judge Ray and the Court considered Plaintiff's Motion to Amend in

---

[1] In the text Order entered on December 28, 2011, the Court misinterpreted Plaintiff's Motion to Submitt [sic] New Evidence (Docket # 16). The Court interpreted the motion as a request to file a document which had not previously been filed by the Plaintiff. Plaintiff's motion was granted. The Court noted in the January 31, 2012 Order that Plaintiff had failed to file this evidence. Plaintiff explained in his February 9, 2012 letter that he wanted the Court or the Clerk of the Court to file Plaintiff's Motion to Amend the Order of his original Rule 37 Petition (found at ECF No. 2 at p. 55-58 and ECF No. 15 at p. 19-22) as an exhibit, specifically as Exhibit D, to an unspecified document. Neither the Court nor the Clerk of the Court can file documents in a case on behalf of a party. Had the Court understood Plaintiff's request, it would have been denied.

making the determination that Plaintiff's § 2254 petition was not timely filed in federal court and that Plaintiff had failed to establish a basis for equitable tolling. According to Judge Ray's analysis, Plaintiff's Motion to Amend failed to comply with applicable filing requirements under § 2244(d)(2) and, therefore, did not trigger any statutory tolling. (ECF No. 13 at p. 10-11). Judge Ray also noted that Plaintiff had waited more than six months to file his § 2254 petition after the Arkansas Supreme Court's last ruling which tended to disprove Plaintiff's claim that he demonstrated diligence in pursuing his rights. (ECF No. 13 at p 11).

For these reasons, Plaintiff's Motion for Reconsideration (Docket # 22) is DENIED. The case remains closed.

IT IS SO ORDERED this 16th day of February, 2012.

James M. Moody
United States District Judge